■ Putnam Rolling Ladder Co., Inc., Respondent-Appellant, v Manufacturers Hanover Trust Company, Appellant-Respondent.—Judgment, Supreme Court, New York County (Irving Kirschenbaum, J.), entered September 9, 1987, awarding plaintiff, following a trial without jury, damages in the amount of $21,868.51 with interest thereon, unanimously reversed, on the law, and the complaint dismissed, without costs.

Plaintiff failed to establish a lack of ordinary care by defendant bank in paying 37 checks which bore signatures forged by one of plaintiff's employees. Consequently, plaintiff, which failed to discover the unauthorized signatures timely or to notify the bank thereof after the first such check was paid, was precluded under UCC 4-406 (2) from asserting its claims against the bank. In finding that the bank failed in its duty of care, the trial court relied on plaintiff's evidence that five checks, not the subject of the complaint, which were not forged but which bore only 1 of the 2 required signatures, were paid by the bank during the same period that the forged checks were paid. All of the items for which plaintiff sought recovery bore two required, but forged signatures.

While it is true that payment of a check bearing only one authorized signature, when two such signatures are required by the corporate banking resolution, constitutes negligence per se *(German Educ. Tel. Network v Bankers Trust Co.,* 109 AD2d 684 [1st Dept 1985]), this does not establish that defendant was negligent in paying checks which bore two forged signatures. Plaintiff's employee who discovered the forgeries, testified that his suspicions were aroused not by the signatures on the checks, but by the fact that he did not know the parties to whom they had been paid. Moreover, defendant's employee who testified as to the bank's check-processing procedures, stated that the forgeries compared favorably with the authorized signatures on the signature card kept by the bank.

It is, therefore, unlikely that the bank's employees, who are not, and are not required to be, handwriting experts, would have detected the forgeries *(see, Screenland Mag. v National City Bank,* 181 Misc 454, 459-460 [Sup Ct, NY County 1943]).

Based on testimony that the bank's check-processing clerks review approximately 4,200 checks during a four-hour shift, Supreme Court also found that this high volume of work "would prevent any realistic chance of detecting forgeries" and therefore it amounted to a lack of ordinary care. This, however, was error. Under UCC 4-103 (3), "action or non-action consistent with clearing house rules and the like or with a general banking usage not disapproved by this Article, prima facie constitutes the exercise of ordinary care." Plaintiff did not establish that defendant's check-clearing procedures were not consistent with general banking usage or clearing house rules which allow banks only 24 hours to accept or return items. Inasmuch as plaintiff did not meet its burden of establishing a lack of ordinary care by defendant bank (UCC 4-406 [3]), its claims against the bank are precluded. Concur— Kupferman, J. P., Ross, Kassal, Rosenberger and Ellerin, JJ.